## Bahrenberg, Appellant, *v.* Rhoads.

*Deeds—Covenants—Recitals—Adverse possession.*

The mere recital in a deed that a portion of the land conveyed was held by the grantor by adverse possession does not furnish the grantee ground for an action for breach of covenant, after the portion of the land referred to had been lost to him by an adverse recovery, if the deed contained no covenant of warranty either general or special.

Argued Dec. 7, 1914. Appeal, No. 18, Oct. T., 1914, by plaintiffs, from order of C. P. Monroe Co., Sept. T., 1911, No. 31, discharging rule for judgment for want of a sufficient affidavit of defense in case of Henry W. Bahrenberg, et al., trading as the Tobyhanna Company, v. Alfred L. Rhoads, et al. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit for breach of contract.

Rule for judgment for want of a sufficient affidavit of defense.

STAPLES, P. J., filed the following opinion:

On the 9th day of August, 1907, the above named defendants conveyed to the above named plaintiffs, a certain messuage and lot or piece of land situate in the village of Tobyhanna Mills, Coolbaugh Township, Monroe County, Pennsylvania, containing nine thousand six hundred seventy-eight (9,678) square feet, and immediately following the description of the land conveyed there appears in the conveyance, the following recital of title: · ·

Being composed of lands, the title to which became vested in the Tobyhanna and Lehigh Lumber Company, Limited, a small portion of it subject to a deed executed by George W. Scranton, et al., to the Delaware, Lackawanna and Western Railroad Company, dated November 19, 1860, and recorded in the office for the recording

of deeds, &c., at Stroudsburg in and for said County of Monroe, in Deed Book, Vol. X, page 157, granting a right of way over certain lands; another portion of the lot now being conveyed having been conveyed by the said George W. Scranton, et al., to the Delaware, Lackawanna and Western Railroad Company by the same deed but to the extent of land included in this deed which had been thus conveyed, the Tobyhanna and Lehigh Lumber Company, Limited, and its predecessors in title has been in continuous possession adverse to said Delaware, Lackawanna and Western Railroad Company for a period of over twenty-one years immediately preceding the date of the deed next hereinafter recited; the recital of title being continued in said deed, showing how the title was conveyed from the Tobyhanna & Lehigh Lumber Company, Limited, to the grantors of the deed, and having in the following exception and reservation, viz:

Excepting and reserving thereout and therefrom a strip of land on the westerly side of the above described lot of land about eighteen feet in width, which for many years has been used as a public road or street and known as Goodwin street. It being the true intent and meaning of this conveyance that there shall be conveyed to the said party of the second part, its successors and assigns, all the ground heretofore used and occupied by the Tobyhanna Store Company and no more.

(To have a proper understanding of this, we think it advisable to state here that the "9,678 square feet" conveyed, did not all enter into this contention; as a part of the lot of land did not depend, as to title, upon the adverse possession of the grantors and their predecessors, but came down regularly by proper and good conveyances.)

There was no express, nor general warranty contained in this deed. The contention is about that part of the whole tract, title to which it was claimed was by adverse

possession, and on which was a part of an office, a feed
house, etc.

In the year 1907, the Delaware, Lackawanna and
Western Railroad Company instituted an action of
ejectment against the Tobyhanna Company, Limited,
virtually the plaintiffs in this suit, to recover a part of
the lot of land forming a part of the whole tract conveyed
to the above named plaintiffs as aforesaid, and on the
final trial of the case, there was a verdict in favor of
the said Delaware, Lackawannna and Western Railroad
Company of all the land forming said disputed part,
with the exception of the land covered by the feed house
and the said part of the office of the plaintiffs, and also
said recovery subject to the right of the said plaintiffs to
free access to and from the office, the cellar thereof and
the feed house, as it had been wont to have for a period
of twenty-one years and over. The present plaintiffs, at
the time of the institution of the suit, notified the de-
fendants of the same and called upon them to defend the
title, which they either refused or neglected to do; and
the plaintiffs in this suit claim that, by reason of their
dispossession of that part of the lot of land in dispute
and which formed a part of the whole lot of land con-
veyed to them, they are entitled to damages from the de-
fendants to show cause why said judgment should not be
made by the defendants to the plaintiffs in the deed
aforesaid, and some of the damages not being disputed
that the plaintiffs are entitled to recover, they have asked
for a judgment for said amount for want of a sufficient
affidavit of defense, and a rule was granted upon the de-
fendants to show cause why said judgment should not be
entered for want of a sufficient affidavit of defense. The
said defendants, in their affidavit of defense, claimed,
inter alia, that in the deed aforesaid, they did not war-
rant the title of the lands thereby conveyed, and that the
recital of title as aforesaid, did not constitute, and was
not intended to constitute, a warranty of the same or a

covenant on their part; or, in other words, disputed the legal right of the plaintiffs to recover in this action.

As far as the case presents itself to the court at this time, it is a question of whether or not the recital of title in defendants' deed, which stated that the defendants and their predecessors in title had title by adverse possession for over twenty-one years, was a covenant upon the part of the defendants of seisin and quiet enjoyment, or was a mere statement which did not impose any liability upon the defendants either to defend the suit, or maintain title.

The plaintiffs, in their argument, based their right of action upon the alleged covenant of title in said deed made by the defendants to said plaintiffs, and upon the alleged breach thereof by reason of defendants' failure to keep the title of said plaintiffs good, viz, in this: by the recovery of the said Delaware, Lackawanna and Western Railroad Company in said action of ejectment as aforesaid whereby they, the said plaintiffs suffered great damage, as more particularly set forth in their statement of claim. As hereinbefore stated, the alleged covenant of title was as follows, viz:

".......but to the extent of land included in this deed which had been thus conveyed, the Tobyhanna & Lehigh Lumber Company, Limited, and its predecessors in title, has been in continuous possession adverse to said Delaware, Lackawanna and Western Railroad Company for a period of over twenty-one years immediately preceding the date of the deed next hereinafter recited," and the date of said deed in said recital being July 27, 1899.

There was no contention upon the part of plaintiffs' counsel that the words "grant, bargain, sell" were relied upon to sustain the covenant of title, but simply that the words used in the recital of title were an implied covenant that the defendants through their predecessors' in title had a perfectly good title to the land in dispute by adverse possession, i. e., for a period of twenty-one years, open, notorious, exclusive and continuous, and which

title, obtained by such adverse possession, could be maintained against all persons claiming adversely to the same, and that the covenant was broken as before stated.

We are unable to agree with this contention, nor do we find any authority to sustain it, except in the case of Christine v. Whitehill, 16 S. & R. 98, which was overruled in Whitehill v. Gotwalt, 3 P. & W. 313, viz: "Where a deed, after the description of the property by metes and bounds, and stating the contents, proceeded 'being part of fifty-eight acres, and one hundred perches of land, late the property of W. of D. township aforesaid deceased, which was decreed by an Orphans' Court of Y. county aforesaid, held &c., unto M. W. (the grantor) one of the sons of the said W., deceased, and which J. W. and other heirs of the said W., deceased, did by their deed of release, grant and confirm unto the said M. W., and to his heirs and assigns forever.' Held, that these words do not amount to a covenant by the grantor, that W., his father, was seized of an indefeasible estate in fee simple, and that the said estate was vested in him; but amounted to no more than a recital, and a continuation of the description of the land intended to be granted, more especially when that deed contained a covenant of general warranty."

In order for this contention to prevail, the plaintiff is compelled to rely upon an implied covenant; in other words, a covenant in law, which, in the case of Williams v. Burrell, 1st Com. Bench. 402, is stated as:

"An agreement which the law infers or implies from the use of certain words having a known legal operation in the creation of an estate; so that, after they have had their primary operation in creating the estate, the law gives them a secondary force by implying an agreement on the part of the grantor to protect and preserve the estate so by those words already created.

The inclusion in the recital of title that the title to a part of it had been obtained by adverse possession cannot, in our opinion, be construed into an agreement in

law to maintain the same, and especially is this so when we consider that title by adverse possession is conceded to the holder thereof for the sake of peace and to quiet title, although oftentimes it has been obtained under wrongful conditions. There was no express covenant, in the deed mentioned, to maintain this title. The grantees by the statement in the recital were put upon notice as to how the title was obtained, and held, and it was within their power to have demanded a proper covenant.

To sustain his contention, the counsel for plaintiff has cited a number of authorities, wherein it has been held that certain recitals in deeds estopped the grantors from claiming against them, which is fairly illustrated in Muntz v. Whitcomb, 40 Pa. Superior Ct. 553, viz:

"Where a deed recites a conveyance to the grantor and the recording thereof, the grantor is estopped from asserting that the deed to himself was never delivered. Such a recital also contradicts a covenant of warranty in his deed."

No one will attempt to dispute that statement as being good law, and if, in the present case, the defendants had, after conveyance to the plaintiff, sought to obtain possession of the premises in question by claiming through other title, notwithstanding said recital of adverse possession in their deed, they surely would have been, and should have been, estopped from taking such possession and profiting by that, which, by necessity, would make their said recital of title untrue. There are many cases of estoppel similar to this, and, in each, the reason for which is patent. No person after profiting by a material statement, should be permitted to escape therefrom and obtain an advantage only to be acquired by a denial of such material statement previously made.

And now, January 5, 1914, for the reasons aforesaid, the rule to show cause why judgment should not be

272    BAHRENBERG, Appellant, *v.* RHOADS.

Assignment of Error—Opinion of the Court.    [60 Pa. Superior Ct.

entered for want of a sufficient affidavit of defense, is discharged.

*Error assigned* was the order of the court.

*F. B. Holmes,* for appellants.—A recital may, and often does import a warranty: Trutt v. Spotts, 87 Pa. 339; Waslee v. Rossman, 231 Pa. 219; Whitehill v. Gotwalt, 3 P. & W. 313.

*A. Mitchell Palmer,* with him *C. Raymond Bensinger,* for appellees.

OPINION BY HEAD, J., July 21, 1915:

The plaintiffs appeal from an order of the learned court below discharging a rule for judgment for want of a sufficient affidavit of defense. Their claim rests upon the alleged breach of a covenant contained in a deed in which the defendants were the grantors, the plaintiffs the grantees. The breach arose, as it is claimed, when there was an adverse recovery from the plaintiffs of a small portion of the land described and conveyed in the said deed. The defense set up is that the deed referred to contained no covenant of warranty, either general or special, and that the alleged covenant relied on was nothing more than a recital describing the origin and source of the title claimed by the grantors which they undertook to convey.

After argument of the rule, the learned court below in a careful opinion filed held there was no such covenant contained in the deed as that on which the plaintiffs relied and clearly pointed out the radical difference between such a covenant and a mere recital descriptive of the extent, the source or the character of the title which the deed purported to convey. The gist of the opinion filed is contained in the following quotation from it: "The inclusion in the recital of title that the title to a part of it had been obtained by an adverse pos-

session cannot, in our opinion, be construed into an agreement in law to maintain the same, and especially is this so when we consider that title by adverse possession is conceded to the holder thereof for the sake of peace and to quiet title, although oftentimes it has been obtained under wrongful conditions.  There was no express covenant in the deed mentioned to maintain this title.  The grantees, by the statement in the recital, were put upon notice as to how the title was obtained and held, and it was within their power to have demanded a proper covenant."  Many supporting authorities are cited in the opinion of the learned court below and still more in the able brief furnished by the counsel for the appellees.

After a careful examination of the briefs and authorities, we are all of the opinion the plaintiff presented no case justifying the entry of a summary judgment.  The assignments of error are therefore overruled.

The order discharging the rule is affirmed.